UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23221-CV-MOORE
MAGISTRATE JUDGE REID

DRELIJAH J MUHAMMAD-ALI,

Petitioner,

v.

"11TH CIR. U.S. DISTRICT [30303]," *et al.*,[1]
ET AL.,

Respondents.

_____/

## **REPORT AND RECOMMENDATION FOR TRANSFER OF VENUE**

This Cause is before the Court upon an initial pleading, which appears to be a *pro se* Petition for Writ of Habeas Corpus pursuant to either 28 U.S.C. § 2241 or § 2254. This matter was referred to the Undersigned for consideration and Report on dispositive matters. [ECF No. 2]. As set forth below, this action should be **TRANSFERRED**.

---

[1] Although Petitioner cites to a number of potential Respondents, the Supreme Court has clarified that there is generally only one proper respondent to a given prisoner's habeas petition. *Rumsfield v. Padilla*, 542 U.S. 426, 435-36 (2004). Once transferred, Petitioner or the appropriate district court should correct the docket to reflect the identity of the proper respondent.

From what can be deciphered from the construed Petition, Petitioner seeks to invalidate the lawfulness of a conviction entered in Covington County, Alabama. [ECF No. 1 at 11].

If a conviction was entered in Covington County, Alabama, those events have transpired in the Northern District of Alabama. *See* 28 U.S.C. § 81(c). Importantly, Petitioner is confined in Brent, Alabama, located in Bibb County. Bibb County is in the Middle District of Alabama. 28 U.S.C. § 81(b).

"District courts are limited to granting habeas relief within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (internal quotation marks omitted). Traditionally, this means habeas relief is appropriate only in the district of confinement. *Id.*

Federal habeas corpus petitions challenging state court judgments may be filed either "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d).

The Middle District of Alabama, where Petitioner is confined is an appropriate venue under either standard. It is, therefore, recommended that this case be **TRANSFERRED** to the Middle District of Alabama.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar

plaintiff from a de novo determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

    Signed this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Drelijah J Muhammad-Ali
       180664
       Bibb County Correctional Facility
       565 Bibb Lane
       Brent, AL 35034
       PRO SE

       Noticing 2241/Bivens US Attorney
       Email: usafls-2255@usdoj.gov