IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DRELIJAH J. MUHAMMAD-ALI, <br> a/k/a MARCUS ORLANDO TAITE, <br> #180 644, <br>     Petitioner, <br>         v. <br> 11TH CIR. U.S. DISTRICT, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO.: 2:20-CV-788-ECM-JTA <br> )                   [WO] <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, an inmate incarcerated at the Bibb Correctional Facility in Brent, Alabama, files this *pro se* action styled as an emergency habeas petition pursuant to 28 U.S.C. § 2241. Review of the mostly nonsensical and unintelligible petition indicates that Petitioner seeks to challenge the legality of his incarceration because, he claims, he is not a United States citizen and thus he is not subject to the laws of this country which resulted in his detention. Upon review, the undersigned finds the petition is due to be dismissed for lack of jurisdiction.

**I. PROCEEDINGS**

Petitioner originally filed this habeas application in the United States District Court for the Southern District of Florida. The United States District Court for the Middle District of Alabama received a transfer of the petition on October 2, 2020. The United States District Court for the Southern District of Florida transferred the petition here concluding, as best as it could determine,

that Petitioner was seeking to invalidate the lawfulness of a conviction entered in Covington County, Alabama. (*See* Docs. 5, 8.)[1]

From this court's review of the largely rambling and disjointed assertions in the instant petition, Petitioner appears to challenge the legality and validity of proceedings associated with his state court civil proceedings in the Circuit Court for Covington County, Alabama, and a civil complaint he previously filed in this court (*Tate v. Alabama President Pro Tempore,* Civil Action No. 2:15-cv-721-MHT (M.D. Ala. 2015)), and issuance of a fugitive arrest warrant executed in Miami, Florida in 1998. Petitioner further contends that all Eleventh Circuit federal cases and all State of Alabama cases entered against him should be repealed, vacated, or overturned on the basis that he is not a United States citizen but a citizen of the "Sovereign Nation of Islam Royal Al-Islam," or alternatively, Petitioner requests this case be transferred to the International Criminal Court. And while the traditional function of the writ of habeas corpus is to secure release from illegal custody, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), Petitioner also requests $100 billion for his alleged illegal arrest which occurred in Miami, Florida; the arrest of Alabama judicial, legislative, and executive employees by the "U.S. Court of Miami;" and dissolution of the Alabama Constitution of 1901, all of which are not available forms of relief in this action. (Doc. 1 at 1–15.)

## II. DISCUSSION

As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United*

---

[1] Notably, the Report and Recommendation from the Southern District of Florida mistakenly provided that Covington County is in the Northern District of Alabama and Bibb County is in the Middle District of Alabama. (Doc. 5 at 2.) The opposite is true. Covington County is in the Middle District of Alabama and Bibb County is in the Northern District of Alabama. *See* 28 U.S.C. § 81(a)(5), (b)(1).

*States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody."). "Jurisdiction is determined at the time the action is filed[.]"  *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).  While § 2241(d) creates an explicit exception to the exclusive "district-of-confinement" rule, allowing that a state prisoner may, in the alternative, file in the district in which he was convicted and sentenced in state court, a federal district court lacks jurisdiction under § 2241(a) and (d) to entertain a state prisoner's habeas petition challenging present physical confinement when that federal court is in neither the district of confinement nor the district where the prisoner was convicted or sentenced.  *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985).

Petitioner is confined at the Bibb Correctional Facility in Brent, Alabama.  As such, the district of confinement for Petitioner is the United States District Court for the Northern District of Alabama.  *See* 28 U.S.C. § 81(a)(5).  The court further notes that Petitioner's conviction record reflects he is serving a term of life imprisonment imposed by the Circuit Court for Clarke County, Alabama, in November of 1999.  *See http://www.doc.state.al.us/InmateHistory* (last visited October 6, 2020).  The Circuit Court for Clarke County is located in the United States District Court for the Southern District of Alabama.  *See* 28 U.S.C § 81(c)(2).  Accordingly, under § 2241(d), this court does not have jurisdiction to entertain Petitioner's habeas petition.  Because this court lacks jurisdiction under § 2241(d), the petition is subject to dismissal and, based on the mostly incomprehensible and senseless arguments in the petition, the court finds the "interests of

justice" warrant no transfer of this case to any of the other United States District Courts in Alabama under 28 U.S.C. § 1631.[2]  *See also* 28 U.S.C. § 1404(a).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas relief be DISMISSED without prejudice for lack of jurisdiction.

**On or before November 3, 2020**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[2] Pursuant to Fed. R. Evid. 201(b) and (c), the court takes judicial notice of its records filed in this and other federal courts, *see United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (holding that "[a] court may take judicial notice of its own records and the records of inferior courts."); *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented practice of filing frivolous litigation in the federal courts.  *See e.g., Tate v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002); *Tate v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003); *Tate v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006); *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006); *Tate v. Bass, et al.*, Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007).

DONE this 19th day of October, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE