IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TAITE, also known as DRELIJAH J. MUHAMMAD-ALI, ) ) ) Plaintiff, ) ) v. ) ) 11th Cir. U.S. District, ) ) Defendant. ) | CIV. ACT. NO. 2:20-cv-788-ECM (WO) |

**O R D E R**

Now pending before the court is the Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 59 in which he appears to assert that the judgment previously entered in this case violates 28 U.S.C. § 1691.[1] (Doc. 25).

Pursuant to Fed. R. Civ. P. 59(e), the Plaintiff may seek to alter or amend judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala. 2012). Moreover, "Rule 59(e) was not constructed 'to give the moving party another bite at the apple . . .'" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "Reconsidering the merits of a judgment, absent a manifest error of law

---

[1] 28 U.S.C. § 1691 requires that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."

or fact, is not the purpose of Rule 59." *Jacobs,* 626 F.3d at 1344. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (citations omitted). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Id*. (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

Although the Plaintiff suggests there are deficiencies in the prior orders of the Court, he does not identify any manifest errors of law or fact as required by Rule 59(e). Nor has the Court discerned any. Accordingly, it is

ORDERED that the Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 59(e) (doc. 25) is DENIED.

This case is closed.

Done this 10th day of March, 2021.

                                        /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE